Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITAL ONE EQUIPMENT FINANCE CORP., f/k/a/ ALL POINTS CAPITAL CORP., d/b/a CAPITAL ONE TAXI MEDALLION FINANCE,<br><br>Plaintiff,<br><br>v.<br><br>JEHOVA NISSI TAXI INC. and YOLEINE BLAISE,<br><br>Defendants. | Civil Action No. 17-0619 (ES) (JAD)<br><br>MEMORANDUM |

**SALAS, DISTRICT JUDGE**

## I. Introduction

Pending before the Court is Plaintiff Capital One Equipment Finance Corp. f/k/a All Points Capital Corp., d/b/a Capital One Taxi Medallion Finance's ("Capital One") unopposed motion for summary judgment. (D.E. No. 17). The Court decides the motion without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court grants Capital One's motion for summary judgment.

## II. Factual Background

### A. Contents of the Note and Guaranty

Capital One is a New York corporation with its principal place of business in New York, New York.[1] (SUF ¶ 1). Defendant Jehova Nissi Taxi Inc. (the "Borrower") is a corporation with

---

[1] The Court derives the factual background from Capital One's Statement of Undisputed Facts. (D.E. No. 17-1 ("SUF")). *See* L. Civ. R. 56.1 (providing that "any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment"); *Ruth v. Selective Ins. Co. of Am.*, No. 15-2616, 2017 WL 592146, at *3 (D.N.J.

its principal place of business in West Orange, New Jersey. (*Id.* ¶ 2). Defendant Yoleine Blaise (the "Guarantor") (together with the Borrower, "Defendants") is a citizen of New Jersey. (*Id.* ¶ 3).

On August 8, 2012, Capital One made a loan in the principal amount of $252,500.00 (the "Loan") to the Borrower. (*Id.* ¶ 6). To evidence the Loan, the Borrower executed and delivered a promissory note (the "Note") dated August 8, 2012, in favor of Capital One in the principal amount of $252,500.00. (*Id.* ¶ 7; *see generally* D.E. No. 18-1 ("Ex. A")). Interest accrued on the Loan at the contract rate of 5.25% per annum from August 9, 2012 through September 1, 2015 (the "Maturity Date"), at which time the entire unpaid principal balance and accrued interest became due and payable. (SUF ¶ 9; Ex. A at 23).[2] The Note provides that

> [i]n the event that any payment due hereunder shall not be received by [Capital One] within ten (10) days of the date when such payment is due and payable, a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by [Capital One].

(Ex. A at 23). The Note further provides that the Borrower and all persons liable on the Note shall pay all costs of collection and that:

> [i]n the event of default and/or enforcement of the within Note, the Borrower agrees to pay all attorneys [sic] fees, court costs and other expenses incurred by [Capital One] in the enforcement of any of the agreements, covenants and obligations under this Note including legal fees that may accrue in the event suit for, enforcement of rights under this Note, or collection proceedings are necessary.

(*Id.* at 24-26). The Borrower also executed a security agreement dated August 8, 2012. (SUF ¶ 13). Pursuant to the Security Agreement, Capital One was granted a first-priority security interest in certain property owned by the Borrower, including Newark Taxi Medallion 464 (the "Medallion"). (*Id.* ¶ 15; *see* D.E. No. 18-2 ("Ex. B") ¶ 2(a)).

---

Feb. 14, 2017) ("[A] movant who files a proper Local Civil Rule 56.1 statement of undisputed material facts . . . receives the benefit of the assumption that such facts are admitted for purposes of the summary judgment motion.").

2   The Court refers to the pages in Exhibit A by the numbers appearing at the bottom of each page.

As an inducement for Capital One to make the Loan, the Guarantor executed and delivered a guaranty in favor of Capital One, dated August 8, 2012 (the "Guaranty"). (SUF ¶ 16). The Guaranty provides that

> [i]n consideration of financial accommodations given or to be given or continued to [the Borrower] . . . by [Capital One], . . . the undersigned as primary obligor and not merely as a surety irrevocably and unconditionally guarantees to [Capital One] payment when due, whether by acceleration or otherwise, of any and all liabilities of the Borrower to [Capital One], together with all interest thereon and all attorneys' fees, costs and expenses of collection incurred by [Capital One] in enforcing any of such liabilities . . . ."

(D.E. No. 18-3 ("Ex. C") at 27).[3] The Guaranty further provides that Capital One may, without notice, declare all amounts immediately due and payable under the Guaranty upon the occurrence of any event of default. (*Id.* at 29). Pursuant to the Guaranty, "[n]o invalidity, irregularity or unenforceability of all or any part of the liabilities hereby guaranteed or of any security therefore or any other circumstance that might otherwise constitute a legal or equitable defense of a guarantor shall affect, impair or be a defense to this guaranty . . . ." (*Id.* at 28).

An event of default occurs under the Loan Documents[4] upon the failure to pay when due any installment of principal or interest under the Note or any other payments due under the Note prior to the Maturity Date. (SUF ¶ 22; Ex. A at 23; Ex. B ¶ 6; Ex. C at 28-29). In the event of a default, the default interest rate of 16% per annum is triggered. (SUF ¶ 23; Ex. A at 23).

**B.    Loan Default**

The Loan matured on September 1, 2015, and the Borrower failed to pay all outstanding amounts then due. (SUF ¶ 23). As of the Maturity Date, the unpaid principal balance was $240,183.20, and the accrued, note-rate interest was $3,222.46. (*Id.* ¶ 29). Thereafter, interest

---

[3]    The Court refers to the pages in Exhibit C by the numbers appearing at the bottom of each page.

[4]    As defined in SUF ¶ 13.

accrued on the unpaid principal balance at the default rate 16% per annum (or $106.75 per diem). (*Id.* ¶ 30).

By notice dated June 8, 2017, Capital One informed Defendants of its intent to sell the Medallion pursuant to the Security Agreement. (*Id.* ¶ 25; Ex. B ¶ 2(a)). The auction of the Medallion was held on June 27, 2017. (SUF ¶ 26). Capital One won the auction with a partial credit bid of $150,000.00. (*Id.*). The Borrower received a credit of $150,000.00 (the "Auction Credit") against its liabilities. (*Id.* ¶ 27). In addition, the Borrower made five post-maturity payments in the aggregate of $7,565.75, which were applied to the default interest. (*Id.* ¶ 31). Capital One applied the $150.000.00 Auction Credit to the default and note-rate interest then accrued, thereby reducing total accrued interest to $0.00. (*Id.* ¶ 33). The remaining balance of the Auction Credit ($86,131.26) was applied to reduce the unpaid principal from $240,183.20 to $154,051.93. (*Id.* ¶ 34). As of October 31, 2017, the principal balance of $154,051.93 and accrued default interest of $10,407.06 remained unpaid. (*Id.* ¶ 36).

## III. Summary-Judgment Standard

Where, as here, a summary-judgment motion is unopposed, Federal Rule of Civil Procedure 56(e)(3) still requires the Court to satisfy itself that summary judgment is proper. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." "A 'genuine' dispute of 'material' fact exists where a reasonable jury's review of the evidence could result in 'a verdict for the non-moving party' or where such fact might otherwise affect the disposition of the litigation." *Ruth*, 2017 WL 592146, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Where a party submits a

properly filed and supported summary-judgment motion that goes unopposed, "it would be an exceptional case where the court concludes that summary judgment should nonetheless be denied or withheld, although the Court has discretion to do so if unsatisfied that the law and facts point to judgment as a matter of law." *Id.* at *3.

**IV.     Discussion**

    **A.     Capital One Is Entitled to Summary Judgment on its Breach of the Note and Guaranty**

"[W]here the terms of a contract are unambiguous . . . their construction is a question of law appropriate for summary judgment." *W.B. v. Matula*, 67 F.3d 484, 497 (3d Cir. 1995) (citation omitted), *overruled on other grounds by A.W. v. N.J. Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007). For the following reasons, the Court agrees with Capital One that the terms of the Note and Guaranty were unambiguous, so summary judgment is appropriate.

        *i.     Breach of the Note*

A prima facie case to recover on a promissory note is established by proof and offer of the note. *Compton Press, Inc. Emps.' Profit Sharing Ret. Plan v. Granada Invs., Inc*., No. 91-1256, 1992 WL 566329, at *3 (D.N.J. Nov. 23, 1992); *Fed. Deposit Ins. Corp. v. Miller*, 33 A.2d 838, 839 (N.J. 1943) ("[P]ossession of the note raise[s] a rebuttable presumption of nonpayment . . . . Payment is essentially an affirmative defense; and the burden of proof is on him who pleads it."); *Trustees Sys. Co. of Newark v. Lisena*, 150 A. 373, 374 (N.J. 1930) ("The note, bearing the signature of the defendant and in the hands of the plaintiff, raised a presumption of law that it was unpaid, and, in the absence of contradictory proof . . . established a prima facie case and warranted a direction of verdict in favor of the plaintiff for the amount of the note.").

It is undisputed that the Borrower executed and delivered the Note in favor of Capital One in the principal amount of $252,500.00. (SUF ¶ 6). Capital One possesses the original Note. (*Id.*

¶ 8). The Note unambiguously required the Borrower to pay all sums due by the Note's Maturity Date. (*Id.* ¶ 9). The Borrower failed to make payment when the Note matured, which was an event of default under the Loan. (*Id.* ¶¶ 22-23).

Currently, the Borrower still owes Capital One at least $164,459.00. (*Id.* ¶¶ 28-36). Therefore, summary judgment on Capital One's cause of action for breach of the Note is warranted.

### ii. *Breach of the Guaranty*

Summary judgment for breach of a guaranty will be granted if the plaintiff demonstrates the following elements:

> (1) execution of the guarantee by the guarantor (i.e., that it was the defendant who signed the guarantee); (2) the principal obligation and terms of the guaranty; (3) the lender's reliance on the guaranty in extending monies to the borrower; (4) default by the principal obligator; (5) written demand for payment on the guarantee; and (6) failure of the guarantor to pay upon written demand.

*Ramada Worldwide Inc. v. PRMC, Inc.*, No. 15-3841, 2017 WL 3671161, at *4 (D.N.J. Aug. 25, 2017); *U.S. on Behalf of Small Bus. Admin. v. DelGuercio*, 818 F. Supp. 725, 727-28 (D.N.J. 1993). Courts will enforce the clear and unambiguous terms of the guaranty where a guarantor signs a guaranty in a clear and ambiguous setting. *CIT Fin. USA, Inc. v. Lopez*, No. 05-0722, 2006 WL 2335578, at *2 (D.N.J. Aug. 9, 2006).

Summary judgment on Capital One's claim for breach of the Guaranty is likewise warranted. For the first prong, Capital One executed the Guaranty when the Borrower executed the Note. (SUF ¶ 16). For the second prong, the Guaranty unambiguously provides that "the undersigned as primary obligor . . . irrevocably and unconditionally guarantees to [Capital One] payment when due, whether by acceleration or otherwise, of any and all liabilities of the Borrower to [Capital One], together with all interest thereon and all attorneys' fees, costs and expenses of

collection incurred by [Capital One] in enforcing any of such liabilities." (Ex. C at 27). By executing the Guaranty, the Guarantor unconditionally guaranteed payment of the corporate Borrower's liabilities to Capital One, with interest, plus any costs of collection and enforcement.

For the third prong, Capital One relied on the Guaranty when making the Loan: the Guaranty was executed to induce Capital One to provide funds to the Borrower, and it expressly states that the liabilities are "conclusively presumed to have been created in reliance [on the Guaranty]." (SUF ¶ 18; Ex. C at 28). For the fourth prong, the Borrower defaulted on the Note when it failed to pay its debt by the Maturity Date. (SUF ¶ 23). Under the Guaranty, an event of default occurs when there is "any default with respect to payment or performance of the liabilities of the Borrower. . . ." (Ex. C at 28). The entire obligation except for the Post-Maturity Payments and Auction Credit remains unpaid. (SUF ¶¶ 28-36). Finally, for the fifth and sixth prongs, no demand for payment was required because such demand was waived by Defendants. (*Id.* ¶¶ 21, 24).

Courts resolving motions for summary judgment have consistently held that "speculation and conclusory allegations" are insufficient to defeat summary judgment when otherwise appropriate. *See*, *e.g.*, *Days Inns Worldwide, Inc. v. DB Vancouver, LLC*, No. 12-4781, 2015 WL 3938883, at *3 (D.N.J. June 25, 2015). Because Defendants have failed to raise any issues of material fact, the Court agrees that summary judgment should be entered in Capital One's favor.

### B. Capital One Is Entitled to Summary Judgment on Damages

Capital One claims that Defendants are liable under the Loan for the per diem interest at the default rate until the date judgment is entered in favor of Capital One; Capital One's costs of collection, including reasonable attorneys' fees; and the costs and disbursements of this action (D.E. No. 17-8 at 11-12). Where the terms of a contract are clear and unambiguous, it is proper

for the Court to determine the contract's meaning as a matter of law. *See Bethlehem Steel Corp. v. United States*, 270 F.3d 135, 139 (3d Cir. 2001). Here, the Court finds that the provisions in the Note governing interest (Ex. A at 23) and attorneys' fees and costs (*id.* at 24-26) are clear and unambiguous.

### i. *Remaining Balance and Interest*

In determining prejudgment interest on state law claims, the Court applies New Jersey state law, consistent with the Loan's choice-of-law provision. (Ex. A at 26; Ex. C at 30). Under New Jersey law, prejudgment interest "has been regarded . . . as compensatory—to indemnify the plaintiff for the loss of what the monies due him would [p]resumably have earned if payment had not been refused." *Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am.*, 323 A.2d 495, 512 (1974).

The Note provides that interest shall be assessed at the rate of 16% per annum from the date of Maturity until the balance is paid in full. (Ex. A at 23). This provision is clear and unambiguous. Accordingly, the Court finds that Capital One is entitled to its requested remaining principal balance, including the accrued prejudgment interest.

### ii. *Attorney's Fees and Costs*

Under New Jersey law, in a breach of contract action, legal expenses can be recovered if the contract between the parties so provides. *See Papalexiou v. Tower W. Condo.*, 401 A.2d 280, 287 (N.J. Super. Ct. Ch. Div. 1979). Attorneys' fees and costs are addressed clearly and unambiguously in the Note. (Ex. A at 24-26). In particular, the Note states: "In the event of default and/or enforcement of the within Note, the Borrower agrees to pay all attorneys [sic] fees, court costs and other expenses incurred by the Lender in the enforcement of any of the agreements . . . ." (*Id.*). Capital One is thus entitled to reasonable attorneys' fees and court costs, including costs of collection and disbursements in connection with this action.

## V. CONCLUSION

For the reasons set forth above, the Court grants Capital One's motion for summary judgment. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**